IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIKTORIIA MIKHAYLOVNA STUPAK,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>UR MENDOZA JADDOU, ET AL.,<br><br>　　　　　　　Defendants. | CASE NO.  1:23-CV-01199-ADA-HBK<br><br>AMENDED[1] ORDER GRANTING MOTION TO STAY ACTION<br><br>(Doc. No. 6).<br><br>CLERK TO LIFT STAY ON DECEMBER 6, 2024 |

  Pending before the is the Parties' joint stipulated motion requesting a stay of this action through December 6, 2024.  (Doc. No. 6).  Plaintiff alleges that U.S. Citizenship and Immigration Services ("USCIS") has unreasonably delayed adjudicating his pending asylum application, which he filed in May 2017.  USCIS has scheduled an interview on Plaintiff's asylum application for August 8, 2024.  Thus, the Parties anticipate that this lawsuit will be rendered moot once USCIS completes its adjudication of Plaintiff's application, which USCIS will endeavor to do so within 120 days of the completion of the interview.

  The court is vested with broad discretion to stay a case.  *Clinton v. Jones*, 520 U.S. 681, 705 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).  The "party requesting a stay

---

[1] Amended to correct scrivener error as to year for expiration of stay.

1

bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009).  As a rule, "stays should not be indefinite in nature." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066-67 (9th Cir. 2007).  If a stay is especially long or indefinite, a greater showing is required to justify it and the court must "balance the length of any stay against the strength of the justification given for it." *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000).   The Court finds in its discretion that a stay of this action is appropriate and will stay this action pending USCIS completion and adjudication of Plaintiff's application.

Accordingly, it is **ORDERED**:

1. The Parties' joint stipulated motion to stay (Doc. No. 6) is GRANTED to the extent the Court STAYS this action and vacates all other filing and case management deadlines, including the initial scheduling conference, currently set for November 16, 2023.
2. The Clerk of Court shall automatically LIFT the STAY on **December 6, 2024**.
3. Should this matter become moot, Plaintiff shall promptly file a Rule 41 notice.

Dated:   September 26, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE